MICHAEL CROSNER (SBN 41294)
ZACHARY CROSNER (SBN 272295)
zach@crosnerlegal.com
BLAKE R. JONES (SBN 211221)
blake@crosnerlegal.com
CROSNER LEGAL, P.C.
433 N. Camden Dr., Suite 400
Beverly Hills, CA 90210
Tel. (310) 496-5818
Fac. (818) 700-9973

Attorneys for Plaintiff
MORIAH HOLTEGAARD

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORIAH HOLTEGAARD, as an individual and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC. DBA APPLEONE CORPORATION SERVICES, a California corporation; SIERRA ALUMINUM COMPANY, a California corporation; SAMUEL, SON & CO. (USA) INC., a Delaware Corporation; and DOES 2-50, Inclusive,<br><br>        Defendants. | Case No.  5:20-cv-00509 JGB (KKx)<br><br>FOURTH AMENDED COMPLAINT FOR VIOLATION OF PRIVATE ATTORNEYS GENERAL ACT, CAL. LABOR CODE SECTIONS 2698, *et seq.*<br><br>Complaint Filed: November 8, 2019<br>Trial Date:         None<br>District Judge:    Hon. Jesus G. Bernal |

COMES NOW, Plaintiff MORIAH HOLTEGAARD ("Plaintiff"), individually, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act, and alleges as follows:

## THE PARTIES

1.      Plaintiff MORIAH HOLTEGAARD is an individual residing in the State of California.

2.      Defendant HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC. DBA APPLEONE CORPORATION SERVICES ("AppleOne") is a California corporation duly licensed to conduct business in the State of California.

3.      AppleOne is an employment staffing company that provides workers and labor to client employers in the State of California

4.      Defendant SIERRA ALUMINUM COMPANY is a California corporation duly licensed to conduct business in the State of California.

5.      Sierra Aluminum manufactures aluminum products and performs related services such as anodizing, painting, thermal improvements, and fabrication.

6.      Defendant SAMUEL, SON & CO. (USA) INC. is a Delaware Corporation duly licensed to conduct business in the State of California.  Plaintiff is informed and believes that SAMUEL, SON & CO. (USA) INC., is the successor in interest to SIERRA ALUMINUM COMPANY.  Defendants SAMUEL, SON & CO. (USA) INC., and SIERRA ALUMINUM COMPANY are collectively referred to herein as "Sierra Aluminum."

## JURISDICTION AND VENUE

7.      This matter was removed to this Court by Defendant Sierra Aluminum on or about March 12, 2020, under the Class Action Fairness Act, 28 U.S.C. section 1332(d) from the Superior Court of California for the County of Riverside.  To the extent jurisdiction is proper, venue is proper in this Court under 28 U.S.C. section 1441(a) because it is the "district and division embracing the place where such action is pending."

2

## PAGA AND AGGRIEVED EMPLOYEES

8.     The California Labor and Workforce Development Agency ("LWDA") is authorized to assess and collect civil penalties against employers for violations of the California Labor Code.  Because the LWDA lacks the resources to prosecute employers for every Labor Code violation, the California Legislature enacted the Private Attorneys General Act ("PAGA") (Cal. Labor Code § 2698 et seq.) to allow employees to step in the shoes of the LWDA and initiate civil actions against employers for penalties for violations of the Labor Code on behalf of the employee and all other aggrieved employees.

9.     Plaintiff brings this representative action under PAGA on behalf of herself and all current and former non-exempt employees who were employed by AppleOne and assigned to work for Sierra Aluminum in California at any time from September 4, 2018, until a date as determined by the Court.  This action seeks no relief beyond that available under PAGA.

## EXHAUSTION OF PAGA NOTICE REQUIREMENTS

10.     Plaintiff complied with the procedures for bringing suit specified in California Labor Code sections 2699.3 and 2699.5.  Plaintiff gave written notice to the California Labor and Workforce Development Agency ("LWDA") via electronic mail at PAGAfilings@dir.ca.gov on July 2, 2019, and to Defendants via certified mail on July 3, 2019, of the specific provisions of the California Labor Code and Wage Orders allegedly violated, including the facts and theories to support the alleged violations.

11.     Under California Labor Code section 2699.3, the LWDA must give written notice by certified mail to the parties that it intends to investigate the alleged violations within 65 days of the date of the Plaintiff's written notice. To date, the LWDA has not provided the parties any notice of its intention to investigate Plaintiff's claims on behalf of herself and other similarly aggrieved employees.  As of the initial Complaint filed in this matter, Defendants have not

1  responded to Plaintiff's PAGA notice in an attempt to cure.  Accordingly,

2  Plaintiff has exhausted all administrative remedies required by law.

3      12.    Pursuant to California Labor Code section 2699(g), and/or any and all

4  other applicable laws, Plaintiff is entitled to recover civil penalties, costs, plus

5  reasonable attorney's fees and costs, all in an amount to be proved.

6                    **GENERAL ALLEGATIONS**

7      13.    On or about August 1, 2018, Plaintiff was hired by AppleOne as a non-

8  exempt, temporary employee.  On or about August 14, 2018, AppleOne assigned

9  Plaintiff to work for its client, Sierra Aluminum as a Packer or Machine Operator.

10     14.    Plaintiff was instructed to submit her time cards to AppleOne. Plaintiff

11  is informed and believes that AppleOne was primarily responsible for reviewing,

12  processing and paying her for the hours she worked, including paying Plaintiff

13  premium payments for missed meal periods and rest breaks.

14     15.    In connection with her assignment, AppleOne instructed Plaintiff to

15  follow the instructions she was given by Sierra Aluminum, and was warned that

16  "[r]efusing to comply with instructions of failing to do your job goes against the

17  foundation of AppleOne's existence."

18     16.    On August 14, 2018, Plaintiff reported to work at Sierra Aluminum.

19  Sierra Aluminum provided Plaintiff with a document entitled "Review of the Rules,"

20  setting forth rules with which Plaintiff was required to comply during her assignment.

21  (Ex 1.) Among other things, the Rules contained a facially invalid meal period policy,

22  that provides no opportunity to take meal periods for shifts lasting ten hours or more.

23     17.    Plaintiff is informed and believes that AppleOne was fully aware that its

24  employees assigned to work a Sierra Aluminum were being subjected to this

25  unlawful meal period policy; and, that it acquiesced in, and ratified, this policy,

26  including by taking no actions to correct it and protect its employees.  Plaintiff is

27  further informed and believes that AppleOne failed to pay a single meal period

28  premium to employees assigned to work at Sierra Aluminum notwithstanding its

4

1    knowledge and understanding that its employees were being denied the opportunity
2    to take second meal periods.

3        18.    During her orientation at Sierra Aluminum, Plaintiff was further
4    directed by Sierra Aluminum to remain on the premises during her entire shift,
5    including during her meal periods and rest breaks.  Plaintiff is informed and believes
6    that Sierra Aluminum imposes this requirement on both employees that Sierra
7    Aluminum directly hires, as well as, employees who are assigned to work there by
8    staffing agencies like AppleOne.   Plaintiff also received similar instructions about
9    remaining on Sierra Aluminum's premises during her shift from AppleOne.

10       19.    From approximately August 15, 2018 – October 17, 2018, Plaintiff
11   worked as a Packer or Machine Operator at Sierra Aluminum.  During this time, she
12   often worked five days per week, working shifts of ten hours or more.

13       20.    During her assignment with Sierra Aluminum, Plaintiff was not
14   provided with the opportunity to take meal periods in compliance with California law
15   in a number of respects, including: (1) Plaintiff was not provided with the opportunity
16   to take timely first meal periods on numerous occasions before the completion of her
17   fifth hour of work based on Sierra Aluminum's scheduling of meal periods; (2)
18   Plaintiff was required to remain on premises during her meal periods; (3) Plaintiff
19   was frequently interrupted during her meal periods by her supervisor and foreman at
20   Sierra Aluminum, Mike Crough and Rene, and asked to work "off the clock" during
21   her meal periods; and, (4) Plaintiff was not provided with the opportunity to take
22   second meal periods based on Sierra Aluminum's meal period policy, which does not
23   provide for second meal periods.  Plaintiff did not agree to waive any of her meal
24   periods.   Despite these violations, Plaintiff never received a single meal period
25   premium payment for missed meal periods.

26       21.    During her assignment with Sierra Aluminum, Plaintiff was not
27   provided with the opportunity to take rest breaks in compliance with California law
28   in a number of respects, including: (1) Plaintiff was required to remain on premises

5

1    during her rest periods; (2) Plaintiff was frequently interrupted during her rest breaks
2    by her supervisor and foreman at Sierra Aluminum, Mike Crough and Rene, and
3    asked to work "off the clock" during her rest breaks. Despite these violations,
4    Plaintiff never received a single rest break premium payment for missed rest breaks.

5        22.    During her assignment, Plaintiff is informed and believes that neither
6    Sierra Aluminum nor AppleOne maintained accurate records concerning all hours
7    that Plaintiff worked, including (1) recording her "off-the-clock" time, (2) when she
8    began and ended each shift, and, (3) when she began and ended each meal period.
9    Plaintiff was provided with confusing, inconsistent instructions regarding her
10   timekeeping.  On the one hand, Plaintiff was instructed by AppleOne to turn in her
11   time cards each week, and is informed and believes that AppleOne was primarily
12   responsible for reviewing her time cards and paying her for the hours she worked,
13   including premium payments for missed meal periods and rest breaks.  On the other
14   hand, Plaintiff was directed by Sierra Aluminum to use its electronic timekeeping
15   system, which Plaintiff utilized during her assignment.  At this juncture, Plaintiff
16   lacks sufficient information regarding the contractual relationship and dealings
17   between Sierra Aluminum to know which of these Defendants, or both, are ultimately
18   responsible for maintaining accurate time records and paying Plaintiff for the hours
19   she worked.

20       23.    As a result of the foregoing unlawful practices, Plaintiff failed to receive
21   accurate wage statements during her employment.  Among other things, the wage
22   statements failed to include: (1) the correct regular, overtime and total hours worked,
23   as it failed to include off the clock work that Plaintiff was required to perform; and,
24   (2) the correct total compensation that Plaintiff should have been paid.

25       24.    Similarly, Plaintiff did not receive all wages that were due and owing
26   during her employment, and at the time of her separation of employment with
27   AppleOne and Sierra Aluminum, as she did not receive payment for the off the clock
28   work that she was required to perform.

6

## JOINT LIABILITY

25.    Under California law, the definition of the terms "to employ" are broadly construed under the applicable IWC Wage Order to have three alternative definitions, including: (1) to exercise control over the wages, hours or working conditions; (2) to suffer of permit to work; or (3) to engage, thereby creating a common law employment relationship.    See Martinez v. Combs, 49 Cal.4th 35, 64 (2010).  On reason that the IWC defined "employer" in terms of exercising control was to reach situations in which multiple entities control different aspects of the employment relationship.  Supervision of the work, in the specific sense of exercising control over how services are properly performed, is properly viewed as one of the "working conditions" mentioned in the wage order.  Id. at 76.  A joint employer relationship exists when one entity (such as a temporary employment agency) hires and pays a worker, and the other entity supervises the work.  Id.

26.    During Plaintiff's assignment with Sierra Aluminum and AppleOne, she was jointly employed by these Defendants for purposes of the Wage Orders, under the alternative definitions of "to employ" adopted by the California Supreme Court in Martinez, supra.  As discussed below, both of these Defendants (1) exercised control over Plaintiff's wages, hours and working conditions; (2) suffered or permitted Plaintiff to work for them; and, (3) engaged Plaintiff to work for them.

27.    In particular, AppleOne hired Plaintiff and entered into a written employment agreement with her.  During her employment, AppleOne maintained control over many aspects of Plaintiff's employment, including, among other things, having the authority to discipline her, change her job assignment, change her work hours, change her rates of pay, and to terminate her employment.

28.    In addition, when she was first hired, AppleOne provided Plaintiff with orientation and training materials.  AppleOne issued Plaintiff written policies concerning her meal periods, rest breaks, timekeeping, hours worked, and payment of her wages, with which Plaintiff was required to comply.  Among other things,

7

these policies provided that Plaintiff was required to submit weekly time cards to AppleOne; and, AppleOne was supposed to process her time cards and pay her for all hours she worked.  AppleOne exercised ultimate control over the payment of Plaintiff's wages, as AppleOne issued Plaintiff her weekly paychecks. AppleOne was primarily responsible for paying Plaintiff premium pay for missed meal periods and rest breaks.  Finally, AppleOne directed Plaintiff to comply with all of Sierra Aluminum's policies and directions when she was assigned to work at Sierra Aluminum.  Among other things, AppleOne instructed Plaintiff to remain on the premises during her shifts, as required by Sierra Aluminum.

29.    Sierra Aluminum similarly suffered or permitted Plaintiff to work for Sierra Aluminum or engaged Plaintiff to work for Sierra Aluminum.  Plaintiff is informed and believes that Sierra Aluminum entered into a written agreement with AppleOne, pursuant to which Sierra Aluminum paid AppleOne to provide it with workers, including Plaintiff, to conduct Sierra Aluminum's business operations. Sierra Aluminum suffered or permitted Plaintiff to work a Sierra Aluminum for approximately two months pursuant to this written agreement from approximately August 15, 2018 – October 15, 2018.

30.    During her assignment, Sierra Aluminum further exercised control over Plaintiff's wages, hours and working conditions.  Among other things, Sierra Aluminum: (1) set Plaintiff's work hours and provided her with her work schedule; (2) provided Plaintiff with written policies regarding her meal periods and rest breaks, with which Plaintiff was required to comply; (3) directed Plaintiff to remain on premises during her shift; (4) directly supervised Plaintiff's work through its employees, Mike Crough (Supervisor) and Rene (last name unknown) (Foreman); (5) assigned Plaintiff her job duties and trained her on her job duties; (6) reprimanded and counseled Plaintiff regarding her work performance and other issues; (7) exercised authority to end Plaintiff's work assignment at any time, which essentially equated to a termination of employment as AppleOne did not guarantee other job

8

assignments; (8) required Plaintiff to use its timekeeping system for purposes of recording her time; (9) determined if and when Plaintiff would receive meal periods and rest breaks; (10) subjected Plaintiff to unlawful schedules for taking meal periods and rest breaks; (11) interrupted Plaintiff during her meal periods and rest breaks; (12) required Plaintiff to perform "off-the-clock" work; and, (13) was responsible for recording when Plaintiff began and ended her shifts and meal periods. Sierra Aluminum issued further written "Rules" governing Plaintiff's working conditions with which she was required to comply. (Ex. 1).

## **SIERRA ALUMINUM'S LIABILITY UNDER**
## **CALIFORNIA LABOR CODE SECTION 2810.3**

31. California Labor Code section 2810.3(b)(1) provides that "a client employer shall share with the labor contractor all civil legal responsibility and civil liability for all workers supplied by that labor contractor for . . . the payment of wages." A "labor contractor" means "an individual or entity that supplies, either with or without a contract, a client employer with workers to perform labor within the client employer's usual course of business." Cal. Labor Code § 2810.3(a)(3). A "client employer" is "a business entity, regardless of its form, that obtains or is provided workers to perform labor within its usual course of business from a labor contractor." Cal. Labor Code § 2810.3(a)(1)(A). Client employers do not include a business entity with a workforce of fewer than twenty-five workers or with five or fewer workers provided by a labor contractor or labor contractors to the client employer at any time. Cal. Labor Code § 2810.3(a)(1)(B). "Usual course of business" means "the regular and customary work of a business, performed within or upon the premises or worksite of the client employer." Cal. Labor Code § 2810.3(a)(6).

32. AppleOne is a "labor contractor" in that it supplies a client employer, Sierra Aluminum, with workers to perform labor within the Sierra Aluminum's usual course of business, namely the manufacturing of aluminum products.

33.     Sierra Aluminum is a "client employer" as it obtains or is provided workers to perform labor within its usual course of business from labor contractors, including AppleOne.  Sierra Aluminum has a workforce of more than twenty workers and is supplied with at least five workers from a labor contract at any given time.

34.     Under California Labor Code Section 2810.3, Sierra Aluminum, a client employer shares with the labor contractor, AppleOne, all civil legal responsibility and civil liability for all workers supplied by that labor contractor for the payment of wages.

35.     In ruling on Defendants' motions to dismiss the Third Amended Complaint, the Court ruled that Plaintiff cannot impose civil liability on Sierra Aluminum under Section 2810.3 based on the following theories of liability: (1) failing to provide Plaintiff and the other aggrieved employees with compliant meal periods or rest breaks; (2) failing to issue accurate wage statements; and, (3) failing to timely pay wages during employment, or upon separation of employment.  The Court reasoned that the redress for such violations is the payment of "penalties," not "wages"; and, is therefore excluded from the scope of Section 2810.3.

36.     For purposes of this Fourth Amended Complaint, Plaintiff asserts that with regard to Section 2810.3 liability, she is only seeking to impose liability against Sierra Aluminum under this statute for Sierra Aluminum's failure to pay Plaintiff for the "off-the-clock" work that Sierra Aluminum required her to perform during her meal periods and rest breaks.  Plaintiff was entitled to payment for the time spent performing this off the clock work (i.e., in addition to premium payments for missed or interrupted meal periods).  Plaintiff is informed and believes that she was not paid for this off the clock work because Sierra Aluminum did not record it or disclose to AppleOne the amount of off the clock work that Plaintiff and the aggrieved employees were required to perform.   Under Section 2810.3, Sierra Aluminum is jointly liable for the wages for this off-the-clock work, and subject to civil penalties by the LWDA for the non-payment of these wages.

10

# FIRST CAUSE OF ACTION

(Violation of the Private Attorneys General Act, Labor Code §§ 2698, <u>et seq</u>.)

(Against All Defendants)

37.    Plaintiff hereby incorporates by reference the preceding paragraphs.

38.    Plaintiff brings this representative action under PAGA on behalf of herself and all current and former non-exempt employees who were employed by AppleOne and assigned to work for Sierra Aluminum in California at any time from September 4, 2018, until a date as determined by the Court.

## Meal Period Violations

39.    California Labor Code section 512(a) provides that "[a]n employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

40.    California Labor Code section 226.7 provides that "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

41.    California Labor Code section 516 provides that "[e]xcept as provided in Section 512, the Industrial Welfare Commission may adopt or amend working condition orders with respect to break periods, meal periods, and days of rest for any workers in California consistent with the health and welfare of those workers."

11

42.    Section 11(A) of the IWC Wage Orders provides that "[u]nless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal periods and counted as time worked.  An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-hob paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

43.    Section 11(B) of the IWC Wage Orders provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that a meal period is not provided.

44.    California Labor Code section 226.7(c) similarly provides that "If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

45.    During her assignment with Sierra Aluminum, Defendants violated the foregoing statutes as alleged herein.  Plaintiff and the aggrieved employees regularly worked shifts of five hours or more without receiving an opportunity to take a first meal period.  Sierra Aluminum failed to schedule Plaintiff's and the other aggrieved employee's meal periods before their fifth hours for work. Sierra Aluminum further interrupted Plaintiff's and the aggrieved employees' meal periods on frequent occasions and required them to perform off-the-clock work during their meal periods for which they were not compensated.  Sierra Aluminum further required Plaintiff

12

and the other aggrieved employees to remain on premises during their shifts, including during their meal periods and rest breaks.

46.     During her assignment with Sierra Aluminum, Plaintiff and the aggrieved employees regularly worked shifts of ten hours or more without receiving an opportunity to take a second meal period.  Plaintiff is informed and believes that is was Sierra Aluminum's policy and practice not to provide second meal periods.

47.     Plaintiff is informed and believes that AppleOne was fully aware of the foregoing unlawful practices to which its employees were being subjected at Sierra Aluminum, and ratified and acquiesced in these practices.  Among other things, Plaintiff is informed and believes that AppleOne was responsible for reviewing and processing Plaintiff's time cards and paying her premium pay for missed meal periods.  Plaintiff is informed and believes that AppleOne failed to pay premium payments to Plaintiff and the other aggrieved employees for missed meal periods, despite receiving time cards and other records showing that Plaintiff and the aggrieved employees were not receiving timely meal periods or second meal periods. In addition, AppleOne directed Plaintiff and the other aggrieved employees to follow Sierra Aluminum's rules, including instructing Plaintiff that she had to remain on Sierra Aluminum's premises during her shift.

## Rest Break Violations

48.     California Labor Code section 516 provides that "[e]xcept as provided in Section 512, the Industrial Welfare Commission may adopt or amend working condition orders with respect to break periods, meal periods, and days of rest for any workers in California consistent with the health and welfare of those workers."

49.     Section 12(A) of the IWC Wage Orders provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes nets rest per four (4) hours or major fraction thereof."

13

50.    California Labor Code section 226.7 provides that "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

51.    Section 12(B) of the IWC Wage Orders provides that "[i]f an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

52.    California Labor Code section 226.7(c) similarly provides that "If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

53.    An employer does not relinquish control over the employee for purposes of rest breaks where the employee is required to remain on the employer's premises. See Augustus v. ABM Security Servs., Inc., 2 Cal.5th 257, 272-73.

54.    During her assignment with Sierra Aluminum, Defendants violated the foregoing statutes as alleged herein.  Plaintiff and the aggrieved employees were not provided with rest periods in compliance with California law.

55.    In particular, Sierra Aluminum had a policy and practice of requiring employees to remain on the premises during their rest breaks in violation of California law.    Plaintiff was further instructed by AppleOne to follow the instructions of Sierra Aluminum, including remaining on Sierra Aluminum's

14

premises during her rest breaks.

56.    In addition, during Plaintiff's rest breaks, she was frequently interrupted by Sierra Aluminum employees, Mike Crough (Supervisor) and Rene (last name unknown) (Foreman), and asked to perform off-the-clock work during her break.

## Minimum Wage and Overtime Violations

57.    California Labor Code sections 1194 and 510(a) require employers to pay minimum wages for all hours worked. Similar, Section 2(K) of the IWC Wage Orders, requires employers to pay employees all hours worked, meaning the during which the employee is subject to the control of an employer, including all time an employee is suffered or permitted to work.

58.    California Labor Code section 510(a) similarly require an employer to pay an employee overtime: (1) at the rate of no less than one and one-half times an employee's regular rate of pay for all work in excess of eight hours in work day, forty hours in any one workweek, and the first eight hours worked on the seventh day of work in any one workweek; and, (2) at the rate of no less than twice an employee's regular rate of pay for any work in excess of twelve hours in one day and any work in excess of eight hours on any seventh day of work in a workweek.

59.    During her assignment with Sierra Aluminum, Defendants violated the foregoing statutes as alleged herein.  Plaintiff and the aggrieved employees were required by Sierra Aluminum to work off the clock during their meal period and rest breaks.  Plaintiff is informed and believes that Sierra Aluminum did not record this off the clock work or report it to AppleOne.

60.    Consequently, Plaintiff and the aggrieved employees did not receive minimum wage or overtime pay for the off-the-clock work in violation of California Labor Code sections 510 and 1194.

## Failure to Maintain Accurate Records

61.    California Labor Code sections 226 and 1174-75 require an employer to keep accurate records of all hour an employee works.

15

62.   California Labor Code section 1174.5 provides that "[a]ny person employing labor who willfully fails to maintain the records required by subdivision (c) of Section 1174 or accurate and complete records required by subdivision (d) of Section 1174 . . . shall be subject to a civil penalty of five hundred dollars ($500)."

63.   Section 7(A)(3) of the IWC Wage Orders similarly requires an employer to keep accurate records showing the when an employee begins and end each work period and meal period.

64.   Plaintiff is informed and believes that neither Sierra Aluminum nor AppleOne maintained accurate records in compliance with these statutes.  Among other things, they failed to record the off-the-clock time that Plaintiff and the aggrieved employees were required to work; and, they failed to record when employees' meal periods began and ended.  AppleOne automatically deducted a thirty-minute meal period, regardless of the length of the meal periods that were provided.

**Failure to Provide Accurate Wage Statements**

65.   California Labor Code section 226(a) provides, in relevant part, that "[a]n employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee . . . , (5) net wages earned, [and] (6) the inclusive dates of the period for which the employee is paid . . . ."

66.   California Labor Code section 226.3 provides that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226."

16

67.    During her assignment with Sierra Aluminum, Defendants violated the foregoing statutes as alleged herein.  Neither Sierra Aluminum nor AppleOne issued Plaintiff and the aggrieved employees accurate wage statements in compliance with this statue.  Among other things, the wage statements failed to accurately state the gross wages earned, the total hours worked, or the net wages earned.  Neither AppleOne nor Sierra Aluminum accurately recorded the hours that Plaintiff and the aggrieved employees worked because, among other things, they excluded the off the clock time that these employees were required to work and did not record the accurate start and stop times of the employees' work periods and meal periods.

**Failure to Timely Pay Wages**

68.    Labor Code section 204 requires employers to pay all wages (other than those mentioned in Labor Code sections 201, 201.3, 202, 204.1, or 204.2) earned by any person in any employment twice during each calendar month, on days designated in advance by the employer as the regular paydays.

69.    California Labor Code section 201.3(a)(4)(b)(1)(A) provides that "[e]xcept as provided in paragraphs (2) to (5), inclusive, if an employee of a temporary services employer is assigned to work for a client, that employee's wages are due and payable no less frequently than weekly, regardless of when the assignment ends, and wages for work performed during any calendar week shall be due and payable not later than the regular payday of the following calendar week.  A temporary services employer shall be deemed to have timely paid wages upon completion of an assignment if wages are paid in compliance with this subdivision."

70.    California Labor Code section 201(a) provides, in relevant part, that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

71.    California Labor Code section 202(a) provides, in relevant part, that "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours

17

thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

72.    During her assignment with Sierra Aluminum, Defendants violated the foregoing statutes as alleged herein.  Sierra Aluminum and AppleOne failed to pay Plaintiff and the aggrieved employees all wages that were due and owing during their employment; and, failed to Plaintiff and all former aggrieved employees all wages that were due and owing upon termination or resignation.  Among other things, Plaintiff and the Aggrieved Employees were not paid for the off the clock work they were required to perform.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment against each Defendant, jointly and severally, as follows:

1.    For civil penalties under PAGA according to proof;

2    For reasonable attorney's fees and costs of suit; and

3.    For such other and further relief as the Court deems just and proper.

Dated:  August 21, 2020          **CROSNER LEGAL, P.C.**


_/s/ Blake R. Jones_
Michael Crosner
Zachary Crosner
Blake R. Jones
Attorneys for Plaintiff MORIAH
HOLTEGAARD

PROOF OF SERVICE
*MORIAH HOLTEGAARD vs. HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC.*
*CENTRAL DISTRICT OF CALIFORNIA Case No.  5:20-cv-00509 JGB (KKx)*

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 433 N. Camden Dr., Ste. 400, Beverly Hills, CA 90210.

On August 21, 2020, I served true copies of the following document(s) described as

FOURTH AMENDED COMPLAINT FOR VIOLATION OF PRIVATE ATTORNEYS GENERAL ACT, CAL. LABOR CODE SECTIONS 2698, *et seq.*

on the interested parties in this action as follows:

SEE ATTACHED SERVICE LIST

☒      By CM/ECF: I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants (if any) indicated on the Manual Notice list.

☒      BY (Federal) I declare under penalty of perjury under the laws of the State of California and under the laws of the United States of America that the above is true and correct.

Executed on August 21, 2020, at Los Angeles, California.

_____
Maria Monterrey

**PROOF OF SERVICE**
CASE: 5:20-CV-00509 JGB (KKX)

1

SERVICE LIST
*MORIAH HOLTEGAARD vs. HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC.*
*CENTRAL DISTRICT OF CALIFORNIA Case No. 5:20-cv-00509 JGB (KKx)*

| | |
|---|---|
| Norman B. Blumenthal<br>Kyle R. Nordrehaug<br>Aparajit Bhowmik<br>Nicholas De Blouw<br>**BLUMENTHAL NORDREHAUG BHOWMIK**<br>**DE BLOUW LLP**<br>2255 Calle Clara<br>La Jolla, CA 92037<br>Telephone: (858)551-1223<br>Facsimile: (858) 551-1232<br>Website: www.bamlawca.com | Attorneys for Plainiff |
| Kenneth P. Roberts<br>Michael B. Smith<br>Ryan P. Tish<br>Kevin Y. Kanooni<br>**K.P. Roberts & Associates,**<br>**a Professional Law Corporation**<br>6355 Topanga Canyon Boulevard, Suite 403<br>Woodland Hills, CA 91367<br>Telephone: (818) 888-3553<br>**(818) 888-3553**<br>kroberts@kprlawinc.com<br>msmith@kprlawinc.com<br>rtish@kprlawinc.com<br>kkanooni@kprlawinc.com | Attorneys for Defendant:<br>HOWROYD-WRIGHT EMPLOYMENT<br>AGENCY, INC. DBA APPLEONE<br>CORPORATION SERVICES, a<br>California corporation |
| Christopher Decker<br>**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**<br>400 South Hope Street, Suite 1200<br>Los Angeles, CA 90071<br>Tel: 213-438-1283; Fax: 213-239-9045<br>Christopher.decker@ogletree.com | Attorneys for Defendant:<br>SIERRA ALUMINUM COMPANY,<br>SAMUEL, SON & CO. (USA) INC. |

**PROOF OF SERVICE**
CASE: 5:20-CV-00509 JGB (KKX)

2