JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORIAH HOLTEGAARD, as an individual and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC. DBA APPLEONE CORPORATION SERVICES, a California corporation; SIERRA ALUMINUM COMPANY, a California corporation; SAMUEL, SON & CO. (USA) INC., a Delaware corporation; and DOES 2-50, inclusive,<br><br>　　　　Defendants. | Case No. 5:20-CV-00509 JGB (KKx)<br><br>**ORDER GRANTING APPROVAL OF PAGA SETTLEMENT AND ORDER OF DISMISSAL**<br><br>[Assigned for all purposes to The Honorable Jesus G. Bernal]<br><br>Action Filed:　November 8, 2019<br>Trial Date:　　None |

The Court has before it the Parties' Stipulation and Request for Approval of Settlement of Claims and Dismissing Action With Prejudice, and determining that the settlement provides genuine and meaningful relief that benefits the public, is fair, adequate, reasonable, and otherwise being fully informed and good cause appearing therefore, it is hereby **ORDERED, ADJUGED, AND DECREED AS FOLLOWS:**

1.  The California Labor Workforce and Development Agency has been given proper notice of this proposed settlement, in accordance with Labor Code § 2699(*l*)(2), and has expressed no objection, and no other party has standing to object, nor has any other party done so.

2.  The Court finds that the settlement of Plaintiff's claims under PAGA for $215,000, inclusive of Attorney's Fees and Litigation Costs, and Settlement Administration Costs is in all respects, fair, adequate, and reasonable, and was reached as a result of intensive, serious and non-collusive arm's length negotiations. The Court has considered the nature of the claims, the procedural history of the case, the amounts to be paid under the Joint Stipulation of PAGA Settlement and Release ("Settlement Agreement"), the involvement of an experienced private mediator to facilitate the settlement, the risks of continued litigation that Plaintiff would face, the maximum allocation of settlement proceeds among the PAGA Members, and the fact that a settlement represents a compromise of the Parties' respective positions rather than the result of finding liability at trial.

3.  The Court hereby finds the settlement involves the resolution of a bona fide dispute, was entered into in good faith, and is fair reasonable, and adequate. The Court also finds that the settlement provides genuine and meaningful relief that benefits the public consistent with the purpose of the PAGA. As such, reduction of the penalties paid in this Action pursuant to this Order and Labor Code § 2699(e)(2) is appropriate to prevent an unjust, arbitrary and oppressive, or confiscatory result.

4.  Neither the settlement nor any of the terms set forth in the Settlement Agreement are admissions by Defendants, or any of the other Released Parties, of

liability on any of the allegations alleged in the Action, nor is this Order a finding of the validity of any claims in the Action, or of any wrongdoing by the Defendants, or any of the other Released Parties.

5. The Court finds that Plaintiff's Counsel has adequately represented the Plaintiff, the PAGA Members, and the LWDA for purposes of entering into and implementing the settlement. The Court finds that the requested Attorneys' Fees are reasonable under the lodestar method, as Plaintiff's counsel's lodestar of $245,343.75 exceeds the Attorneys' Fees amount of $71,666. The Court further finds that Plaintiff's counsel's requested litigation costs of $10,145.32 are reasonable and were necessary to prosecute the Action.

6. Under the terms of the Settlement Agreement between the Parties, which was filed with the Court on March 22, 2021 as an attachment to the Declaration of Zachary Crosner, Esq., and in light of Defendants' potential exposure, an award of Attorney's Fees and Costs to Plaintiff's counsel in the amount of $71,666 falls within the range of reasonableness and the results achieved in this Action justify the award.

7. Plaintiff properly submitted the proposed Settlement Agreement to the Labor and Workforce Development Agency at the same time it was submitted to this Court in compliance with Labor Code § 2699(l)(2).

8. The Court approves the settlement as set forth in the Settlement Agreement and orders that $215,000, inclusive of Attorney's Fees and Litigation Costs and Settlement Administration Costs be allocated to resolve Plaintiff's claims under PAGA in this Action, and shall be distributed as follows:

    a. $95,034.51 will be paid to the LWDA as its 75% share of assessed penalties recoverable under PAGA, as provided in the Settlement Agreement;

    b. $71,666 will be paid to Plaintiff's counsel as reasonable Attorneys' Fees and $10,145.32 will be paid to Plaintiff's counsel for litigation costs, as provided in the Settlement Agreement;

c. $6,476 is hereby granted and will be paid to Atticus Class Action Administration, as Settlement Administration Costs, as provided in the Settlement Agreement, which are necessary to administer the settlement.

d. $31,678.17 will be paid to the aggrieved employees as their 25% share of assessed penalties recoverable under PAGA, as provided in the Settlement Agreement, and as follows:

   i. Within the time limits set forth in the Settlement Agreement, Defendant Howroyd-Wright Employment Agency, Inc. will provide the Settlement Administrator with a complete list of all PAGA Members ("PAGA Member List"). The PAGA Member List will include each PAGA Member's full name; most recent mailing address and telephone number; Social Security number; the respective number of pay periods during which each PAGA Member worked for Sierra Aluminum Company and/or Samuel, Son & Co. (USA) Inc., between September 4, 2018 and November 29, 2020 ("PAGA Period"); and any other relevant information needed to calculate settlement payments. The PAGA Member List shall not be disclosed to Plaintiff or Plaintiff's Counsel.

   ii. Within the time limits set forth in the Settlement Agreement, Defendants will deposit $215,000 into a Qualified Settlement Fund to the established by the Settlement Administrator selected by the Parties in the Settlement Agreement.

   iii. Within the time limits set forth in the Settlement Agreement, the Settlement Administrator will issue all payments

provided in this Order. The payments will be calculated as provided in this Order, and, in the case of the PAGA Members, as provided in the Settlement Agreement.

9. The Court approves and incorporates by reference the terms and conditions of the Settlement Agreement (as defined above), adopts the definitions of the words and phrases expressly defined in the Settlement Agreement, and directs the implementation of all remaining terms, conditions and provisions of the Settlement Agreement in accordance with its terms.

10. As of the Effective Date, Plaintiff, as the representative for the State of California, will fully, finally and forever settle, compromise and discharge any and all claims for civil penalties recoverable under Labor Code § 2699(a), whether known or unknown, that occurred during the PAGA Period that are alleged or could have been brought based on the facts, allegations, claims, causes of action and/or legal theories described in the operative Fifth Amended Complaint in the Action, including, but not limited to, claims for civil penalties recoverable under Lab. Code § 2699(a) due to: (a) failure to provide meal periods and/or pay meal period premium or penalty pay; (b) failure to authorize and permit rest periods and/or pay rest period premium or penalty pay; (c) failure to pay minimum wages; (d) failure to pay overtime wages; (e) failure to pay for all time worked; (f) failure to pay timely pay wages upon termination; (g) failure to timely pay wages during employment; (h) failure to provide accurate, itemized wage statements; (i) failure to keep complete or accurate payroll records ("Released Claims"). The time period governing these "Released Claims" shall be at any time from September 4, 2018 through November 29, 2020.

11. The terms of the Settlement Agreement, and this Order, are binding on the LWDA, any persons purporting to act on its behalf, Plaintiff, and the PAGA Members, as well as each of their respective attorneys, agents, spouses, executors, representatives, guardians ad litem, heirs, successors, and assigns and shall inure to the benefit of the Released Parties, who shall have no further or other liability or

obligation to the LWDA, any persons purporting to act on its behalf, or any PAGA Member with respect to the Released Claims, except as expressly provided in the Settlement Agreement.

12. The Parties have stipulated that the class claims previously asserted by Plaintiff in the Complaint (Dkt. 1-1) and/or the First Amended Complaint (Dkt. 1-2) are dismissed without prejudice pursuant to F.R.C.P. 41(a)(1)(A)(ii).

13. The Court shall reserve exclusive and continuing jurisdiction over this matter until the final payment is made and all obligations in the Settlement Agreement are satisfied, but solely for purposes of addressing (a) the interpretation and enforcement of the terms of the Settlement, (b) settlement administration matters, and (c) such other matters as may be appropriate under court rules or as set forth in this Settlement.

14. This Action is dismissed with prejudice as to Plaintiff Moriah Holtegaard and the release of the Released Claims by the LWDA and all PAGA Members (paragraph 41 of the Settlement Agreement). This dismissal does not extend to or otherwise affect the ability of a PAGA Members to bring individual, non-representative claims against the Released Party for alleged violations of the Labor Code.

**IT IS SO ORDERED.**

DATE: March 24, 2021

Hon. Jesus G. Bernal
U.S. District Court Judge